

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.

UNITED STATES OF AMERICA,



Plaintiff,

v.

FORTY-SIX THOUSAND DOLLARS ($46,000.00)
IN UNITED STATES CURRENCY; and
NINETEEN (19) MONEY ORDERS VALUED AT NINE
THOUSAND FIVE HUNDRED DOLLARS ($9,500.00)

MAGISTRATE JUDGE
SIMONTON

Defendants.

_____/

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

The plaintiff, the United States of America, hereby files this Verified Complaint for

Forfeiture *In Rem* and in support states the following:

1.     This is a civil action for Forfeiture *In Rem* of Forty-Six Thousand Dollars

($46,000.00) in United States Currency and Nineteen (19) Money Orders Valued at

Nine Thousand Five Hundred Dollars ($9,500.00) (hereinafter referred to as the

"defendant currency and money orders").

2.     Jurisdiction is vested in this Court, pursuant to Title 28, United States Code, Sections

1331, 1345 and 1355.

3.     Venue lies in this district, pursuant to Title 28, United States Code, Section 1395

because the defendant currency is located within the Southern District of Florida and

will remain so during the pendency of these proceedings.



## BASIS OF FORFEITURE

4.    The United States of America seeks forfeiture of the defendant currency and money

orders, pursuant to  Title 21, United States Code, Section 881 (a)(6) as money or

other things of value furnished in exchange for controlled substances in violation of

the Controlled Substance Act, Title 21, United States Code, Section 801, et. seq.,

and/or as proceeds traceable to such exchanges and/or as money used to facilitate

such violations.

## FACTUAL BACKGROUND

5.    On or about January 20, 2004, the claimant, Wesley Dossantos (hereinafter the

"Claimant") was attempting to pass through a Transportation Safety Administration

(TSA) checkpoint at the Fort Lauderdale International Airport when it was

discovered that he had bundles of what appeared to be currency secreted within his

waist area.

6.    Members of the Domestic Interdiction Unit (DIU) responded to the TSA checkpoint

and escorted the Claimant to the DIU office.

7.    The Claimant was interviewed at the DIU office and initially claimed to be in

possession of Thirty Thousand Dollars ($30,000.00) in United States Currency.

8.    The Claimant thereafter changed the amount alleged to be in his possession to Forty

Thousand Dollars ($40,000.00) in United States Currency.

9.    The Claimant again altered his statement regarding the amount of currency in his

possession and finally acknowledged that he was in possession of Forty-Six

Thousand Dollars ($46,000.00) in United States Currency.

10.     The Claimant was then questioned regarding his possession of the United States Currency, and he stated that Ten Thousand Dollars ($10,000.00) of the currency in his possession was from a family-owned landscaping business in Brazil, and that the remaining currency in his possession was from the sale of a Mercedes-Benz that he recently acquired and from his wife.

11.     With respect to the currency purportedly given to the Claimant by his wife, the Claimant was unable tell law enforcement officials exactly how much of the currency found in his possession had been given to him by his wife.

12.     Further, when the Claimant was asked about his alleged sale of a Mercedes-Benz, the Claimant claimed that he purchased a Mercedes-Benz and then resold it.

13.     According to the Claimant, he sold a Mercedes-Benz to All-Star Rental Cars in Buena Park, California; however the Claimant then changed his statement and stated that an individual named "Jose" employed by All-Star Rental Cars, whose last name the Claimant did not know, brokered the sale of the vehicle.

14.     Additionally, the Claimant was unable to tell the law enforcement officials to whom the Mercedes-Benz had been sold or to provide any documentation regarding the sale or purchase of the Mercedes-Benz.

15.     Moreover, the Claimant stated that he had been paid by check in the amount of $52,000.00 for the sale of the Mercedes; however when he was asked to whom the check had been written, the Claimant claimed the that check had not been written to any party.

16.     The Claimant claimed that he thereafter cashed the check from the sale of the vehicle

at the Howard Johnson Plaza Resort in Miami, Florida.

17. Law enforcement officials contacted the Howard Johnson Plaza Resort and was told that the hotel is not capable of conducting the transaction described by the Claimant.

18. Additionally All-Star Rental Cars was contacted, and the owner advised that his business does not broker vehicle sales and that the only business conducted with the Claimant was the rental of vehicles on three (3) prior occasions.

19. The owner of the business further advised that he did have an employee named "Jose" and that his full name was Jose Jimenez.

20. Law enforcement officials thereafter spoke to Jose Jimenez, and Mr. Jimenez advised that he had not brokered any vehicle sales for the Claimant.

21. The Claimant was found to be in possession of Forty-Six Thousand Dollars ($46,000.00) in United States Currency and Nineteen (19) Money Orders Valued at Nine Thousand Five Hundred Dollars ($9,500.00).

22. A narcotics detection canine was brought to the DIU office to exam the currency and the money orders found in the Claimant's possession, and the narcotics canine positively alerted to the presence of an order of a controlled substance emanating from the currency and money orders.

23. The currency was thereafter seized for federal forfeiture, and the Government accordingly files this Verified Complaint for Forfeiture *In Rem* for said currency and money orders.

## FORFEITURE ALLEGATION

By reason of the foregoing, the defendant currency and money orders have become and are

4

forfeited to the United States of America, pursuant to Title 21, United States Code, Section 881(a)(6) on the grounds that the currency and money orders are money or other things of value furnished in exchange for controlled substances in violation of the Controlled Substance Act, Title 21, United States Code, Section 801, et. seq., and/or as proceeds traceable to such exchanges and/or as money used to facilitate such violations.

WHEREFORE, the United States of America requests that process in due course of law according to the procedures of the Court in cases of actions *in rem* in accordance with provisions of Rule C (3) of the Supplemental Rules of Certain Admiralty and Maritime Claims issue against the defendant currency and money orders; that any person or persons having any interest therein be cited and directed to appear herein and to answer the Government's Verified Complaint for Forfeiture *In Rem*; that this Court decree the condemnation and forfeiture of the defendant currency and money orders to the United States; and that the Plaintiff have such other and further relief as may be just and proper.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

BY: _____

CAROL E. A. DEGRAFFENREIDT
ASSISTANT UNITED STATES ATTORNEY
FLORIDA BAR NO. 0642101
500 East Broward Boulevard, Suite 700
Fort Lauderdale, Florida   33394
Tel: (954) 660-5726
Fax:(954) 356-7180
E-mail:  Carol.DeGraffenreidt@usdoj.gov

5

## VERIFICATION

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that I, Thomas J. Redpath, Special Agent of the United States Drug Enforcement Administration, have read the foregoing Amended Verified Complaint for Forfeiture *In Rem* and state that the contents are true to the best of my knowledge and belief.

THOMAS J. REDPATH
SPECIAL AGENT
UNITED STATES DRUG
ENFORCEMENT ADMINISTRATION

7

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

04 - 60966

## DEFENDANTS

FORTY-SIX THOUSAND DOLLARS ($46,000.00)
IN UNITED STATES CURRENCY; and
NINETEEN (19) MONEY ORDERS VALUED AT NINE
THOUSAND FIVE HUNDRED DOLLARS ($9,500.00)

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF

(EXCEPT IN U.S. PLAINTIFF CASES)

CIV-LENARD

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT

(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Carol E.A. DeGraffenreidt
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
(954) 660-5726

MAGISTRATE JUDGE
SIMONTON

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:   DADE,   MONROE,   BROWARD,   PALM BEACH,   MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE,   HIGHLANDS

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

1 U.S. Government
Plaintiff

2 U.S Government
Defendant

3 Federal Question
(U.S. Government Not a Party)

4 Diversity
(Indicate Citizenship of Parties
in Item III)

C:04 cv 60966 Lenard-Simonton

## III. CITIZENSHIP OF PRINCIPAL PARTIES   (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

1 Original
Proceeding

2 Removed from
State Court

3 Remanded from
Appellate Court

4 Reinstated or
Reopened

5 Transferred from
another district
(specify)

6 Multidistrict
Litigation

7 Appeal to District
Judge from
Magistrate
Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- B 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- B 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability

**A REAL PROPERTY**
- B 210 Land Condemnation
- B 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**A TORTS**

PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury

**A CIVIL RIGHTS**
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- 444 Welfare
- 440 Other Civil Rights

PERSONAL INJURY
- 362 Personal Injury - Med. Malpractice
- 365 Personal Injury - Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS**
- B 510 Motions to Vacate Sentence

HABEAS CORPUS:
- B 530 General
- A 535 Death Penalty
- B 540 Mandamus & Other
- B 550 Civil Rights
- B 555 Prison Condition

**FORFEITURE/PENALTY**
- B 610 Agriculture
- B 620 Other Food & Drug
- B 625 Drug Related Seizure of Property 21 USC 881
- B 630 Liquor Laws
- B 640 R.R & Truck
- B 650 Airline Regs.
- B 660 Occupational Safety/Health
- B 690 Other

**A LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- 730 Labor/Mgmt. Reporting & Disclosure Act
- 740 Railway Labor Act
- 790 Other Labor Litigation
- 791 Empl. Ret. Inc. Security Act

**A BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 840 Trademark

**B SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- A 870 Taxes (U.S. Plaintiff or Defendant)
- A 871 IRS - Third Party 26 USC 7609

**A OTHER STATUTES**
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce/ICC Rates/etc
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 810 Selective Service
- 850 Securities/Commodities/Exchange
- 875 Customer Challenge 12 USC 3410
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 895 Freedom of Information Act
- 900 Appeal of Fee Determination Under Equal Access to Justice
- 950 Constitutionality of State Statutes
- 890 Other Statutory Actions
A OR B

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)

Title 21, United States Code, Section 881(a)(6)

LENGTH OF TRIAL
via          days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   YES   NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):

JUDGE                                   DOCKET NUMBER

DATE

7-23-4

SIGNATURE OF ATTORNEY OF RECORD

Carol E.A. DeGraffenreidt

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT  Govt            APPLYING IFP            JUDGE            MAG. JUDGE

This form was electronically produced by Elite Federal Forms, Inc.